936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Duncan STUART, Petitioner-Appellant,
v.
BEECH AIRCRAFT CORPORATION, and Raytheon Corporation,
Respondents-Appellees.
 No. 90-3349.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Duncan Stuart appeals the district court's grant of summary judgment in favor of appellees Beech Aircraft Corporation ("Beech") and Raytheon Corporation on his claim for wrongful discharge. We affirm.
 
 
 3
 Mr. Stuart argues that the district court failed to consider in its determination certain statements made by Beech employees regarding his termination. Beech counters that the statements are inadmissible hearsay and thus improper for consideration. A statement is not hearsay if it was made by a party's employee during the employment relationship concerning a matter within the scope of the employment. Fed.R.Civ.P. 801(2)(D); Boren v. Sable, 887 F.2d 1032, 1037-38 (10th Cir.1989). Thus, the statement by Ed Hooper, Mr. Stuart's supervisor, concerning Mr. Stuart's discharge, is not hearsay, but an admission. The statement by Mr. Hooper's personal secretary, however, is hearsay because it does not concern a matter within the scope of her employment. Even if the district court failed to consider Mr. Hooper's statement in its decision, however, we have reviewed the record and we conclude Mr. Stuart still falls short of establishing his claim of wrongful discharge under Palmer v. Brown, 242 Kan. 893, 752 P.2d 685 (1988), for substantially the reasons set out by the district court in its Memorandum and Order at 16-19.
 
 
 4
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3